# Exhibit "1"

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| JENNIFER SMITH | ) | Case No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT – BREACH OF CONTACT, |
| | ) | NEGLIGENCE |
| | ) | |
| v. | ) | NOT SUBJECT TO MANDATORY |
| | ) | ARBITRATION |
| USAA CASUALTY INSURANCE | ) | |
| COMPANY, | ) | FEE AUTHORITY: ORS 21.160(c) |
| Defendant. | ) | |
| | ) | TOTAL CLAIM: EST. MORE THAN $50k |
| | ) | AND LESS THAN $1 MILLION |

Jennifer Smith alleges as follows:

1.

Ms. Jennifer Smith is an individual that, at all times material to this action, has owned and resided at the property situated in Oregon (the "Home").

2.

Defendant is an insurance company that, at all times material to this action, was licensed and authorized to issue insurance policies covering property in Oregon including the insurance policy at issue in this lawsuit.

PAGE 1 – COMPLAINT

3.

Defendant issued an insurance policy (the "Policy") to Plaintiff. The Policy was issued for valuable consideration in the form of policy premiums, which were paid by Plaintiff.

## FACTUAL ALLEGATIONS

4.

Defendant sold the Plaintiff a homeowners property insurance policy (the "Policy").

5.

The Policy was issued for valuable consideration in the form of premiums.

6.

Plaintiff paid all premiums as they became due.

7.

The Policy provided coverage for damage to the Home, subject to the terms, conditions, limitations, exclusions, and exceptions stated therein.

8.

While the Policy was in effect, the Home suffered losses (the "Loss" or the "Losses").

9.

PAGE 2 – COMPLAINT

The damage to the Home caused by the Losses, including the Plaintiff's loss of use of the Home, is covered under the Policy.

10.

Plaintiff submitted to Defendant claim(s) under the Policy for the damage to the Home resulting from the Loss(es) (the "Claim" or "Claims").

11.

Plaintiff has satisfied all conditions precedent, including as part of the Claim making the Home available for Defendant's inspection.

12.

As of today, Defendant has not paid all of the policy benefits to which Plaintiff is entitled.

**FIRST CLAIM FOR RELIEF**
**(Count 1: Express Breach of Contract)**

13.

Plaintiff incorporates the preceding paragraphs as if fully stated herein.

14.

The Policy constitutes a valid, enforceable contract between the Plaintiff and Defendant.

15.

PAGE 3 – COMPLAINT

Defendant breached the Policy by failing to pay the reasonable and necessary cost to repair the damage to the Home resulting from the Loss, including both the actual cash value of the damage and the replacement cost value of the damage, paying all contents coverage, ALE coverage and any and all other coverages that may apply.

16.

Plaintiff has been damaged in an amount to be proven at trial but currently estimated at less than $1 million.

17.

Plaintiff is entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of her damages was readily ascertainable as of the date of the Loss. Plaintiff is entitled to recover her attorney fees and costs from Defendant pursuant to ORS 742.061.

**(Count 2: Breach of the Implied Covenant of Good Faith and Fair Dealing)**

18.

Plaintiff incorporates the preceding paragraphs as if fully stated herein.

19.

The implied terms of the Policy include Defendant's promise to act in good faith and to deal fairly with the Plaintiff in all matters related to the Policy, including the investigation, adjustment, coverage decision, and payment of the Claim.

PAGE 4 – COMPLAINT

20.

Defendant breached the Policy's implied covenant of good faith and fair dealing during its evaluation, investigation, and adjustment of the Claim in at least the ways provided under ORS 746.230.

21.

Defendant's refusal to act in good faith constitutes a breach of the Policy.

22.

As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, the Plaintiff has suffered the economic loss of the contractual benefit of the contract in an amount to be proven at time of trial but currently estimated at less than $1 million for the dwelling, and additional ALE benefits and the contents coverage.

23.

Plaintiff is entitled to recover her attorney fees and costs from Defendant pursuant to ORS 742.061.

24.

Plaintiff is entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of her damages was readily ascertainable as of the date of the Loss.

**SECOND CLAIM FOR RELIEF**
**(Negligence / Insurance Bad Faith)**

25.

Plaintiff incorporates the preceding paragraphs as if fully stated herein.

26.

Defendant is subject to a standard of care in its performance of insurance contracts that is independent of, in addition to, and outside the terms of the Policy. As Defendant's insured, the Plaintiff was protected under law from specific practices, acts, or omissions by Defendant that are harmful and injurious to policyholders. The legal protection from improper practices, acts, or omissions by Defendant serve to, among other things, ensure that insurance companies promptly, thoroughly, and fairly investigate insurance claims, promptly and completely pay policyholders for all covered damages, and honestly represent to policyholders the coverage afforded by the insurance policy and the facts of the claim. In the context of property damage claims like this, the protections afforded the Plaintiff provided her with the assurance she would be able to promptly repair or replace the covered property and return the Property to its pre-Loss condition. These guarantees serve as a safeguard for policyholders from the stress and emotional injuries associated with the insurance company failing to promptly and effectively investigate and adjust the claim, refusing to pay all amounts owed under the Policy, dedicating substantial time and effort to secure the full benefits owed under the Policy, and being required to expend additional amounts for attorney services in order to recover all amounts owed by Defendant.

27.

PAGE 6 – COMPLAINT

As Defendant's policyholder, the Plaintiff was a member of the class of individuals protected from Defendant's negligent, improper, and injurious claim handling. As a result of Defendant's mishandling of her Claim, Plaintiff sustained reasonably foreseeable injuries.

28.

Defendant negligently performed its obligations in its review, investigation, adjustment, and decision to deny the Claim in one or more of the ways provided by ORS 746.230(1).

29.

Defendant knew, or in the exercise of reasonable care as an insurance business, should have known, that one or more of the foregoing acts or omissions would create an unreasonable risk of harm to the Plaintiff, as its insured. As a business engaged in the marketing and selling of insurance to provide coverage for homeowners who suffer covered water loss, Defendant knew or had reason to know that when it issues a homeowners insurance policy to a policyholder that a foreseeable and probable consequence of its failure to provide insurance benefits in accordance with the Policy would be to cause the policyholder to suffer the adverse effects of having to unnecessarily and unreasonably be required to spend time, effort, and additional monetary resources, which results directly in stress, emotional harm, and financial hardship to the policyholders. Defendant also knew or had reason to know that when it issued the Policy that a primary reason policyholders purchase such insurance is to relieve the stress, emotional distress, and financial hardship caused by significant property losses, such as those caused by water. As a direct and proximate result of Defendant's negligent performance of its statutory obligations when administering the Policy, the Plaintiff suffered the non-economic loss of increased stress,

PAGE 7 – COMPLAINT

emotional distress, and anxiety, caused by, among other things, being forced to spend substantial time and effort on the Claim, the delays and uncertainty associated with her Claim as the result of Defendant's violations of its claim handling obligations, and unnecessarily and unreasonably spending additional financial resources on the Claim, in an amount to be proven at trial but currently estimated at less than $1 million.

WHEREFORE, Plaintiff prays for relief from Defendant as follows:

1. On the FIRST CLAIM FOR RELIEF, COUNT ONE: For damages in an amount to be determined at trial but currently estimated at less than $1 million;

2. On the FIRST CLAIM FOR RELIEF, COUNT TWO: For damages in an amount to be determined at trial but currently estimated at less than $1 million;

3. On the SECOND CLAIM FOR RELIEF: For damages in an amount to be determined a trial but currently estimated at less than $1 million;

4. For prejudgment interest at the legal rate;

5. For Plaintiff's attorney fees, costs and disbursements herein pursuant to ORS 742.061; and

6. For such other relief as the court deems just and proper.

DATED this 12th day of January 2026.

Kelly McCann
OSB # 196548
Burnside Law Firm
312 NW 10th Avenue
Portland, Oregon 97209-3121

PAGE 8 – COMPLAINT

1

Of Attorneys for Plaintiff

PAGE 9 – COMPLAINT

BURNSIDE LAW FIRM
312 NW 10TH AVENUE
PORTLAND, OREGON 97209-3121
T: 503-386-0339, F: 971-202-2590